United States District Court
District of Massachusetts

|  |  |
|---|---|
| JEANNE M. KILMOWICZ,  )<br>   Plaintiff,  )<br>  )<br>v.  )<br>  )<br>  )<br>DEUTSCHE BANK NATIONAL TRUST COMPANY AS  )<br>INDENTURE TRUSTEE FOR NEW CENTURY HOME EQUITY)<br>LOAN TRUST 2005-1, and  )<br>CARRINGTON MORTGAGE SERVICES, LLC,  )<br>   Defendant.  )<br>  ) | **CIVIL ACTION**<br>**No. 16-40081-TSH** |

### ORDER ON MOTION FOR TRO
### June 23 2016

**HILLMAN, D.J.**

### Background

On June 17, 20016, Plaintiff, Jeanne M. Kilmowicz ("Plaintiff") filed a Complaint against Deutsche Bank National Trust Company as Indenture Trustee For New Century Home Equity Loan Trust 2005-1 ("Deutsche Bank"), and Carrington Mortgage Services, LLC ("Carrington") alleging claims for wrongful foreclosure, violation of the Massachusetts Consumer Protection Act, Mass.Gen.L. ch. 93A, breach of the covenant of good faith and fair dealing and negligent infliction of emotional distress.  More specifically, Plaintiff asserts that "Deutsche Bank wrongfully acquired title to the mortgage of the subject property through a pattern of intentional fraudulent conduct[, *i.e.*] the [a]ssignment of a mortgage from a company no longer in existence,

to a mortgage [t]rust that had closed to new mortgages years before the [a]ssignment." *Complaint*, at ¶42. Among the relief sought by the Plaintiff is that this Court vacate and set aside the Final Judgment of Foreclosure which was entered by the Massachusetts Land Court on the grounds that the judgment was obtained by fraud and because, under the circumstances, vacating the judgment is appropriate to accomplish the ends of justice. Plaintiff seeks this relief in accordance with Massachusetts state law, Mass. R.Civ. P. 60(b). Plaintiff also seeks the entry of an injunction prohibiting any further post-foreclosure proceedings by any party, the entry of an injunction prohibiting any further post-foreclosure proceedings including any eviction or other proceedings related to the property by the Massachusetts Housing Court or any other court which would command any action on the part of the Plaintiff. Lastly, Plaitniff seeks to be fully reimbursed for the cost of her home and other compensatory and punitive damages.

This Order addresses Plaintiff's Motion for Temporary Restraining Order Without Notice (Docket No. 5).[1] Because Plaintiff has failed to show a likelihood of success on the merits, that motion is denied.

## Discussion

In evaluating a motion for a temporary restraining order, the Court considers the same four factors that apply to a motion for preliminary injunction, that is: the likelihood the movant will succeed on the merits, whether the movant is likely to suffer irreparable harm in the absence preliminary relief, the balance of equities, and whether an injunction is in the public interest. *Voice Of The Arab World, Inc. v. MDTV Medical News Now*, *Inc.*, 645 F.3d 26, 32 (1st Cir.

---

[1] The Court electronically noticed the Plaintiff that a hearing on her motion for a temporary restraining order ("TRO") would be held on June 21, 2016 at 10:30 a.m. Shortly thereafter, the Court determined that Plaintiff had failed to establish that issuance of a TRO without notice would be proper in this case and therefore, directed Plaintiff to serve notice of the hearing on Defendants "forthwith." At the hearing, Plaintiff's counsel represented that he was not aware of the Court's order directing that notice be given to the Defendants. A hearing was held in the absence of the Defendants with the understanding that if the Court were going to consider issuing a TRO, it would likely hold a further hearing with Defendants present.

2011).   While all four factors must be weighed, the moving party's likelihood of success on the merits is "the touchstone of the preliminary injunction inquiry." *Philip Morris, Inc. v. Harshbarger*, 159 F.3d 670, 674 (1st Cir.1998).  "[I]f the moving party *cannot* demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *Maine Educ. Ass'n*, 695 F.3d at 152 (quoting *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir.2002)) (emphasis added).    The moving party bears the burden of proof for each of these four factors. *Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 120 (1st Cir. 2003).

In this case, Plaintiff, citing a state procedural rule, seeks to have this Court vacate a judgment of foreclosure entered by a Massachusetts state court.  Plaintiff further seeks to have this Court enjoin the Massachusetts Housing Court from issuing an execution for possession. First, Plaintiff has not named the Massachusetts Housing Court as a party in in this case and therefore, despite the relief requested in her Complaint, I assume what she is actually seeking is an order enjoining the Defendants from moving on the execution for possession, *i.e.*, evicting her from the residence.  Under either scenario, Plaintiff has not cited to any legal authority which would support her extraordinary request.  Moreover, Plaintiff seeks to raise legal issues in this Court which were either rejected by the state court, or could have been raised in the state court proceedings.  Finally, Plaintiff asserts that the foreclosure was invalid because the mortgage was not properly assigned to Deutsche Bank, however, Courts have routinely rejected similar challenges. *See Butler v. Deutsche Bank Trust Co. Americas,* 748 F3d  28 (1st Cir. 2014)(allegation of robo-signing even if true, does not undermine validity of mortgage assignment; under Massachusetts law acts of  trustee in contravention of trust may be ratified, and are thus voidable and therefore, mortgagor lacks standing to challenge mortgage holder's

possession; noting, without deciding, that vast majority of courts to consider issue have determined that despite express terms of N.Y. Est. Powers & Trusts Law § 7–2.4, under New York Law, acts of trustee are voidable not void).  For these reasons, I find that Plaintiff has failed to establish a likelihood of success on the merits and therefore, her request for a TRO is denied.

**Conclusion**

Plaintiff's Motion for Temporary Restraining Order Without Notice (Docket No. 5) is **denied**.

*/s/ Timothy S. Hillman*
TIMOTHY S. HILLMAN
DISTRICT JUDGE