# United States District Court
# District of Massachusetts

| | |
|---|---|
| JEANNE M. KLIMOWICZ, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | No. 16-40081-TSH |
| ) | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS ) | |
| INDENTURE TRUSTEE FOR NEW CENTURY HOME EQUITY) | |
| LOAN TRUST 2005-1, and ) | |
| CARRINGTON MORTGAGE SERVICES, LLC, ) | |
| Defendant. ) | |

## Memorandum of Decision and Order
August 31, 2017

**HILLMAN, D.J.**

## Background

Plaintiff, Jeanne M. Klimowicz ("Plaintiff") has filed suit against Deutsche Bank National Trust Company as Indenture Trustee For New Century Home Equity Loan Trust 2005-1 ("Deutsche Bank"), and Carrington Mortgage Services, LLC ("Carrington") alleging claims for wrongful foreclosure, violation of the Massachusetts Consumer Protection Act, Mass.Gen.L. ch. 93A, breach of the covenant of good faith and fair dealing and negligent infliction of emotional distress. More specifically, Plaintiff asserts that "Deutsche Bank wrongfully acquired title to the mortgage of the subject property through a pattern of intentional fraudulent conduct[, *i.e.*] the

[a]ssignment of a mortgage from a company no longer in existence, to a mortgage [t]rust that had closed to new mortgages years before the [a]ssignment." *Complaint*, at ¶42. Among the relief sought by the Plaintiff is that this Court vacate and set aside the Final Judgment of Foreclosure which was entered by the Massachusetts Land Court on the grounds that the judgment was obtained by fraud and because, under the circumstances, vacating the judgment is appropriate to accomplish the ends of justice. Plaintiff seeks this relief in accordance with Massachusetts state law, Mass. R.Civ. P. 60(b). Plaintiff also seeks the entry of an injunction prohibiting any further post-foreclosure proceedings by any party, the entry of an injunction prohibiting any further post-foreclosure proceedings including any eviction or other proceedings related to the property by the Massachusetts Housing Court or any other court which would command any action on the part of the Plaintiff. Lastly, Plaintiff seeks to be fully reimbursed for the cost of her home and other compensatory and punitive damages.

On June 23, 2016, this Court entered an Order denying Plaintiff's request for a TRO after finding that she had failed to establish a likelihood of success on the merits. *See Order on Motion for TRO* (Docket No. 13). This Order addresses Defendants' motion to dismiss Klimowicz's Complaint for failure to state a claim. *See Defendants Deutsche Bank National Trust Company As Indenture Trustee for New Century Home Equity Loan Trust,2005-1, And Carrington Mortgage Services, LLCs' Motion To Dismiss Plaintiff's Complaint* (Docket No. 15)("*Motion to Dismiss*"). More specifically, Defendants assert that the claims are barred by the doctrines of res judicata, judicial estoppel and/or that she voluntarily surrendered the property as part of the Bankruptcy (as hereafter defined). For the reasons set forth below, the Motion to Dismiss is *granted*.

**Standard Of Review**

On a Rule 12(b)(6) motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm.*, LLC, 521 F.3d 76, 84 (1st Cir. 2008) (internal quotations and original alterations omitted). "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernàndez v. Fortuño-Burset,* 640 F.3d 1, 13 (1st Cir. 2011).

**Facts**

The Mortgage and its Assignment To Deutsche

Deutsche Bank acquired title to 32 Mary Heights, Fitchburg, Massachusetts (the "Property"), as the high bidder at the foreclosure sale of the Property. Klimowicz is the former owner of the Property. On December 23, 2004, she had granted a mortgage to the Property to New Century Mortgage Company ("New Century") to secure her obligations under a promissory

3

note in the amount of $297,500. The mortgage was recorded in the Worcester County Registry of Deeds (Northern District), on or about January 3, 2005 (the "Mortgage")[1].

New Century filed for bankruptcy in the Delaware Bankruptcy Court on April 2, 2007. Later, on August 1, 2008, the corporation was liquidated and its assets were transferred to New Century Liquidating Trust. On August 7, 2008, New Century-- despite its earlier dissolution-- executed a purported assignment of mortgage to Deutsche Bank National Trust, as trustee of an investment loan trust—New Century Home Equity Loan Trust 2005-1. The assignment of mortgage was recorded on August 18, 2008, at the Worcester County Registry of Deeds (Northern District) ("Assignment"). The Assignment states it was prepared by Carrington Mortgage Services, LLC ("Carrington"), which is listed as the attorney-in-fact for New Century.

The Assignment was signed by Dave S. Gordon, who is identified as, "President of Carrington Mortgage Services, LLC." With permission of the Delaware Bankruptcy Court granted on May 23, 2007, Carrington purchased servicing rights from New Century. The appointment of Carrington as Attorney-in-fact for New Century is dated June 18, 2007, and recorded in the North Worcester Registry of Deeds. Additionally, the appointment of Carrington as Attorney-in-fact for Deutsche Bank is dated April 26, 2011. Consequently, Carrington is— with regard to relevant times in the case at hand—both the Attorney-in-fact for the Assignor (New Century), and Attorney-in-fact for the Assignee (Deutsche Bank).

The investment trust ("Trust") to which the Mortgage was purportedly assigned on August 7, 2008, had a closing date-- the date by which all loans and mortgages must have been transferred into the investment pool-- of February 25, 2005. The Trust is governed by a Pooling

---

[1] In their memorandum in support of their motion, Defendants state that the Mortgage was filed in the Worcester County Registry of Deeds on December 23, 2003. However, it is clear from the documentation submitted by the Defendants that Klimowicz signed the Mortgage on December 3, 2004 and it was filed in the Registry of Deeds January 5, 2005. See *Motion to Dismiss,* at *Ex. A.*

4

and Servicing Agreement. "(PSA"). By the terms of the PSA, the parties agree to be governed by the laws of New York: "This Agreement shall be governed by and construed in accordance with the laws of the State of New York and the obligations, rights and remedies of the parties hereunder shall be determined in accordance with such laws."

Foreclosure Proceedings

In or about May 24, 2006, Klimowicz filed for protection under the United States Bankruptcy Code, docket number 06-40851 (the "Bankruptcy"). The case was converted to a case under Chapter 7, of the Bankruptcy Code on May 25, 2007. As part of the Bankruptcy, Klimowicz commenced Adversary Proceeding number07-04093, challenging the validity of the underlying mortgage, (the "Adversary Proceeding"). The Adversary Proceeding was dismissed due to her failure to properly serve New Century Mortgage Company. During the Bankruptcy, and prior to the conversion to a case under Chapter 7, New Century Mortgage Company filed a motion for relief from the automatic stay, in order to begin foreclosure proceeding. Klimowicz entered into a stipulation with New Century Mortgage Company to cure the arrears and continue paying the mortgage. Relief was ultimately granted in favor of the secured creditor because Klimowicz failed to make the payments as agreed.

On August 6, 2010, Plaintiff filed a complaint in the Worcester Superior Court against Deutsche Bank and the loan originator (Lendia, Inc.), but the complaint was never served on the defendants and was ultimately dismissed by the court. The complaint did not challenge the validity of the mortgage. *Complaint*, at ¶ 27.

On or about February 28, 2011, Deutsche Bank filed a complaint in the Massachusetts land court seeking to foreclose on Klimowicz's property; on April 12, 2011, the court granted Deutsche Bank the right to conduct a foreclosure proceeding. Deutsche Bank proceeded with

conducting a foreclosure sale, was the high bidder and became the title owner of the Property.

Deutsche Bank subsequently commenced a summary process action in the Worcester Housing Court, *Deutsche Bank National Trust Company as Indenture Trustee for New Century Home Equity Loan Trust 2005-1 v. Jeanne Klimowicz* (Docket No. 13H85SP00581)(the "Summary Process Case").  There was significant litigation in the Summary Process Case for years. Judgment entered for Deutsche Bank on January 14, 2016. Plaintiff filed a counter claim in that case. Years after the case had commenced, she filed a motion to amend her counterclaim to assert that the Assignment was invalid on the grounds that: (1) New Century had been dissolved prior to the execution of the Assignment and was not in business on the date of the alleged assignment; and (2) the Trust into which the Mortgage was allegedly assigned had closed years before the Assignment was made.  The court held a hearing but did not hear argument on the former ground for relief (as New Century was no longer in business); the court denied the motion to amend.  The Plaintiff appealed the judgment of possession, but her appeal was dismissed for her failure to post an appeal bond.  The Plaintiff is no longer in possession of the Property.[2]

---

[2] The Mortgage was incorporated by reference in the Complaint, a copy of the Assignment was attached to the Complaint and the Bankruptcy docket and related orders, the foreclosure deed, the Massachusetts State Court dockets relating to the summary process action filed in the Worcester Housing Court are public record and therefore, all of these documents may be considered in deciding the motion to dismiss without converting it into a motion for summary judgment. *See Doe v. Town of Wayland,* 179 F. Supp. 3d 155, 163 (D. Mass. 2016)("While the Court typically 'may not consider any documents that are outside of the complaint … unless the motion is converted into one for summary judgment,' there is an exception 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint.'" (internal citation and citation to quoted case omitted)).

**Discussion**

Whether This Action Barred By The *Rooker-Feldman* Doctrine

The *Rooker–Feldman* doctrine[3], which gives the United States Supreme Court exclusive "jurisdiction over appeals from final state-court judgments," implicates this Court's subject-matter jurisdiction.[4] *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–92, 125 S.Ct. 1517 (2005); *see also* 28 U.S.C. § 1257. "The *Rooker–Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis,* 546 U.S. 459, 460, 126 S.Ct. 1198 (2006) (per curiam) 460, 126 S.Ct. 1198 (quoting *Exxon Mobil*, 544 U.S. at 284, 125 S.Ct. 1517). This is so because the Supreme Court has held that lower federal courts do not have subject matter jurisdiction to act as appellate courts reviewing state court judgments; such review may only be had in the Supreme Court. *DuLaurence*, 94 F.Supp.3d at 79. More specifically, "the doctrine applies only to (1) a party who lost in a state-court judgment that (2) was rendered before the federal action commenced, where (3) the party complains of injuries caused by the state-court judgment and (4) invites district court review and rejection of those judgments." *Id.* However, a "[f]ederal courts' application of the *Rooker–Feldman* doctrine 'does not depend on what issues were actually litigated in the state court.'" *Miller v. Nichols*, 586 F.3d 53, 59 (1st Cir. 2009)(internal citations and citation to quoted cases omitted). On the contrary, "[t]he *Rooker-Feldman* doctrine is properly applied where regardless of how the claim is phrased, the only real injury to [the plaintiff] is ultimately still

---

[3] The Rooker–Feldman doctrine takes its name from two Supreme Court cases: *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303 (1983).

[4] Because the Rooker-Feldman doctrine implicates this Court's subject matter jurisdiction, the Court may consider the issue *sua sponte*. *DuLaurence v. Telegen*, 94 F.Supp.3d 73, 78 (D. Mass. 2015), *aff'd sub nom. Dulaurence v. Telegen, et al* (May 5, 2015).

caused by a state-court judgment". *DuLaurence*, 94 F.Supp. at 80 (internal quotations and citation to quoted case omitted). However, "if the plaintiff alleges a constitutional violation by an adverse party independent of the injury caused by the state court judgment, the [*Rooker-Feldman*] doctrine does not bar jurisdiction." *Davison v. Gov't of P.R.-P.R. Firefighters Corps.*, 471 F.3d 220, 222 (1st Cir. 2006).

Plaintiff asserts claims for wrongful foreclosure, violation of the Massachusetts Consumer Protection Act, Mass.Gen.L. ch. 93A, breach of the covenant of good faith and fair dealing and negligent infliction of emotional distress based on the premise that "Deutsche Bank wrongfully acquired title to the mortgage of the subject property through a pattern of intentional fraudulent conduct ..." *Complaint*, at ¶42. Plaintiff can prevail on these claims only if the state court's Final Judgment of Foreclosure is invalidated. Indeed, invoking the Massachusetts State Court Rules of Procedure (specifically, M.R.Civ.P 60(b))*, Plaintiff expressly requests that this Court vacate and set aside the Final Judgment of Foreclosure entered by the Massachusetts Land Court*. Moreover, she has not alleged a constitutional violation independent of any injury suffered caused by the Massachusetts state court judgment. Accordingly, under the *Rooker-Feldman* doctrine, this Court lack subject matter jurisdiction over Plaintiff's claims and the Complaint must be dismissed. Even if I were to find that this Court has jurisdiction over Plaintiff's claims, for the reasons set forth below, I would find that they should be dismissed under the doctrine of res judicata, which bars the re-litigation of issues that were or could have been raised in a prior proceeding involving the same parties which arose from the same operative facts.

## The Action Is Barred Under Principles Of Res Judicata

Defendants assert that Klimowicz's claims in this action were previously litigated in the state court. More specifically, Defendants assert that Plaintiff's claims, which are based on the alleged invalid foreclosure of her property, arise from the same transaction and nucleus of operative facts as did the Summary Process Case, *i.e.,* the validity of the foreclosure. Plaintiff argues that the res judicata doctrine does not apply because no final judgement was reached in the Massachusetts Housing Court given that her *appeal* was dismissed for failure to post a bond. Plaintiff cites no case law nor provides any cogent legal analysis in support of this extraordinary proposition. This is not surprising given that, as more fully discussed below, the law does not support her contention.

Klimowicz further argues that the Massachusetts Housing Court never addressed some of the issues she seeks to raise in this action. She suggests that some of the arguments that would have been made in Worcester Superior Court and in the U.S. Bankruptcy court were different than the arguments she seeks to make in this case in that they concerned improprieties related to the making of the loan rather than the mortgage assignment (both of those cases were dismissed for failure to effect proper service). The Court is unclear as to what point Plaintiff is seeking to make regarding her prior attempts to pursue actions in the Worcester Superior Court and the U.S. Bankruptcy Court. The Court will assume that the claims raised in complaints filed in those cases were dismissed for failure to effect proper service and therefore, do not constitute "final judgments." However, Plaintiff acknowledges in her Complaint that she *did* attempt to raise the alleged invalidity of her mortgage in the Summary Process Case in a motion to amend her counterclaim; that motion was denied. She filed an appeal of the denial of her motion to amend, but the appeal was dismissed for failure to post a bond. *See Complaint,* at ¶ 39. For the reasons

set forth below, I find for purposes of the Massachusetts law governing the doctrine of res judicata[5], a final judgment entered in the Summary Process Case and therefore, she us barred from re-litigating her claims in this Court.

Massachusetts recognizes two kinds of res judicata, claim preclusion and issue preclusion. As the names suggest, claim preclusion operates on the level of the claim, and issue preclusion operates on the level of the issue. Claim preclusion is based on the idea that the precluded litigant had the opportunity and incentive to fully litigate the claim in an earlier action, so that all matters that were or could have been adjudicated in the earlier action on the claim are considered to have been finally settled by the first judgment. In contrast, issue preclusion does not reach issues unless they were actually litigated and decided in the first litigation; however, it bars relitigation of those issues even in the context of a suit based on an entirely different claim.

> Massachusetts applies the doctrine of issue preclusion in a traditional manner. The Massachusetts courts use several formulations interchangeably to describe the prerequisites for issue preclusion, but the Supreme Judicial Court … stated that issue preclusion applies when
>
>> (1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was a party (or in privity with a party) to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication. Additionally the issue decided in the prior adjudication must have been essential to the earlier judgment.
>
> Massachusetts courts also require that appellate review must have been *available* in the earlier case before issue preclusion will arise.

*In re Sonus Networks, Inc, S'holder Derivative Litig.*, 499 F.3d at 56–57 (internal citations and citation to quoted case omitted)(emphasis added).

---

[5] "Under the full faith and credit statute, 28 U.S.C. § 1738, a judgment rendered in a state court is entitled to the same preclusive effect in federal court as it would be given within the state in which it was rendered. Thus, the preclusive effect of the state court judgment at issue here is determined under Massachusetts law." *In re Sonus Networks, Inc, S'holder Derivative Litig.*, 499 F.3d 47, 56 (1st Cir. 2007)(internal citation omitted).

Thus, in determining whether the doctrine of issue preclusion applies, this Court must first determine whether the issue in question was: " 'actually litigated;' determined by a 'final judgment'; and was 'essential to the judgment.'" *Cousineau v. Laramee*, 388 Mass. 859, 863 n. 4, 448 N.E.2d 756 (1983); Restatement (Second) of Judgments § 27 (1982). Plaintiff contends that not all of the issues she raises in this action were actually litigated in the Summary Process Case. More specifically, she asserts that the issue of the validity of the mortgage was not actually litigated. However, she herself acknowledges that the state court denied her motion to amend her counterclaim to include a claim that the mortgage was invalid, and therefore, there can be no question that this issue was squarely before the court and was actually litigated. Plaintiff's primary argument appears to be that the determination of the issue did not have the level of finality sufficient to apply the doctrine of issue preclusion because her appeal was dismissed for failure to post a bond. This argument fails: "[f]or purposes of issue preclusion, 'final judgment' includes any prior adjudication of an issue in another action that is determined to be 'sufficiently firm to be accorded conclusive effect.' The determination of 'finality' depends upon a consideration of whether 'the parties were fully heard, the judge's decision is supported by a reasoned opinion, and the earlier opinion was *subject to review* or was in fact reviewed.' It is settled that the doctrine of issue preclusion may not be invoked unless there is available an 'avenue for review of the prior ruling on the issue.' " *Jarosz v. Palmer*, 49 Mass. App. Ct. 834, 836–38, 733 N.E.2d 164, 167–68 (2000), *aff'd*, 436 Mass. 526, 766 N.E.2d 482 (2002).

Plaintiff raised the issue of the invalidity of the mortgage in her motion to amend her counterclaim. The court held a hearing on the motion and while there was no argument on the issue of New Century's authority to effect the Assignment (given its dissolution), the court had the benefit of Plaintiff's briefing of the issue. The court denied the motion to amend the

counterclaim. Plaintiff appealed and the appeal was dismissed for failure to post a bond. That Plaintiff had an opportunity to appeal the judgment is sufficient to satisfy the final judgment requirement under Massachusetts law[6]. Plaintiff does not contend that the other factor, *i.e.*, identify of parties has not been met. Therefore, Plaintiff's claims relating to the foreclosure judgment, including her assertion that the Assignment was invalid, are barred by the doctrine of issue preclusion.

As to those claims Plaintiff asserts in this case that arguably were not litigated in the Summary Process Case, Defendants contend that they are barred by the doctrine of claim preclusion because such claims arose out of the same factual transaction and involve the same parties as the state court proceeding and therefore, could have, but were not, raised in that proceeding. Plaintiff does not argue to the contrary. For that reason, I find that such claims are barred.

For the reasons set for the above, I find that in addition to being barred by the *Rooker-Feldman* doctrine, Plaintiff's claims are barred by the doctrine of res judicata. Accordingly, it is not necessary for me to address Defendants' arguments that the claims should be dismissed because Plaintiff effectively surrendered her properly in the Bankruptcy and/or her claims are barred by principles of judicial estoppel.

---

[6] Massachusetts law does not recognize that there has been a final judgement where a *complaint* is dismissed for failure to post a bond (such as when a plaintiff has had to seek approval from a medical tribunal to proceed). That scenario, where there has clearly been no decision on the merits, is distinguishable from the instant case where the court after considering the merits, entered a judgment which was subject to appeal.

## Conclusion

Defendants Deutsche Bank National Trust Company As Indenture Trustee for New Century Home Equity Loan Trust,2005-1, And Carrington Mortgage Services, LLCs' Motion To Dismiss Plaintiff's Complaint (Docket No. 15) is ***granted***.

*/s/ Timothy S. Hillman*
TIMOTHY S. HILLMAN
DISTRICT JUDGE